UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICA FIRST LEGAL FOUNDATION**,<br>611 Pennsylvania Ave SE #231<br>Washington, D.C. 20003<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF STATE**,<br>2201 C St NW<br>Washington, D.C. 20451<br><br>**UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT**,<br>1300 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br><br>AND<br><br>**UNITED STATES DEPARTMENT OF COMMERCE**,<br>1401 Constitution Ave NW<br>Washington, D.C. 20230<br><br>*Defendants.* | Civil Case No. 1:24-cv-2873 |

**COMPLAINT**

1. Plaintiff America First Legal Foundation ("AFL") brings this action against the United States Department of State ("Department of State"), United States Agency for International Development ("USAID"), and United States Department of Commerce ("Department of Commerce"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief under 28 U.S.C. § 2201, *et seq*.

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and other media, including social media platforms, all to educate the public.

5. Defendant Department of State is an "agency" within the meaning of 5 U.S.C. § 552(f), with its offices at 2201 C St NW, Washington, D.C. 20451. It has possession and control of the records AFL seeks.

6. Defendant USAID is an "agency" within the meaning of 5 U.S.C. § 552(f), with its offices at 1300 Pennsylvania Avenue NW, Washington D.C. 20004. It has possession and control of the records AFL seeks.

7. Defendant Department of Commerce is an "agency" within the meaning of 5 U.S.C. § 552(f), with its offices at 1401 Constitution Ave NW, Washington D.C. 20230. It has possession and control of the records AFL seeks.

## BACKGROUND

8. Transparency is key to a functioning republic. Without it, it is impossible for citizens to hold Government accountable.

9. Indeed, the Biden-Harris Administration routinely states that it is committed to a transparent, open, and ethical government.[1]

10. "Timely disclosure of records is also essential to the core purpose of FOIA." U.S. DEP'T OF JUST., *Attorney General's Memorandum on Freedom of Information Act Guidelines* (March 15, 2022), https://perma.cc/K3EL-AANM.

11. Recently, two large internet social media platforms, Telegram and X, were targeted by law enforcement agencies of American allies for their refusal to comply with foreign governments' censorship demands.

12. Former officials at the Department of State have alleged that the U.S. Government was involved in the actions taken against these platforms, which are used by hundreds of millions of people globally. *See, e.g.*, Mike Benz (@MikeBenzCyber), X (Aug. 26, 2024, 10:10 PM), https://perma.cc/8PSU-KQ6D.

13. Censorship of online speech, particularly on X (previously Twitter) has been the subject of great political debate and public scrutiny in recent years.

---

[1] THE WHITE HOUSE, *FACT SHEET: Biden-Harris Administration Prioritizes Effectiveness, Accountability, and Transparency in Bipartisan Infrastructure Law Implementation* (Apr. 29, 2022).

14. Under new ownership and management, X has significantly reformed its content moderation policies that previously resulted in the censorship of certain narratives on its platform. Davey Alba & Kurt Wagner, *Twitter Cuts More Staff Overseeing Global Content Moderation*, BLOOMBERG (Jan. 7, 2023), https://perma.cc/8FJQ-WVC2.

15. Meanwhile, Durov founded Telegram for the purpose of enabling free and private communications beyond the reach of oppressive governments. Andrew R. Chow, *Why the Arrest of Telegram's Pavel Durov Is Sparking Outrage*, TIME (Aug. 28, 2024), https://perma.cc/DD44-9ZR3.

16. But now, the Biden-Harris Administration—and/or career bureaucrats within the federal government who also oppose free speech—appear to have incentivized foreign governments to do the work that the U.S. government cannot itself do: pressure the social media platform to censor speech that criticizes or contradicts the preferred government narrative or punish it by banning the platform in foreign nations entirely.

17. The recent events surrounding Telegram in France and X in Brazil provide an illustrative example. Therefore, AFL requested documents from the relevant federal agencies that would show how the United States Government is using diplomatic channels to harm private companies—including an American company—abroad simply for allowing free speech to occur on their platforms.

18. Americans have a right to know what actions the government is taking to directly undermine free speech and American companies. The answers to these questions bear directly on the public's confidence in the Government's integrity.

### FACTS

*August 29 Requests to Department of State*

19. On August 29, 2024, AFL submitted two FOIA requests to the Department of State seeking records related to the detention of Pavel Durov, CEO of Telegram. AFL sought expedited processing and fee waivers for both requests. Exhibits A and B.

20. The same day, the Department of State confirmed receipt of the FOIA requests, assigning them reference numbers F-2024-19047 and F-2024-19048. Exhibits C and D.

21. On September 30, 2024, the Department of State denied AFL's request for expedited processing for Request F-2024-19047. Exhibit E.

22. On September 30, 2024, the Department of State denied AFL's request for expedited processing for Request F-2024-19048. Exhibit F.

*September 10 Requests to Department of State, USAID, and Department of Commerce*

23. On September 10, 2024, AFL submitted another FOIA request to the Department of State concerning the banning of the social media platform X in Brazil. AFL sought expedited processing for this request. Exhibit G.

24. The same day, the Department of State confirmed receipt and assigned the request reference number F-2024-20275. Exhibit H.

25. On September 25, 2024, the Department of State denied AFL's request for expedited processing of request F-2024-20275. Exhibit I.

26. As of the date of filing, AFL has received no further communications from the Department of State concerning request number F-2024-20275.

27. Also, on September 10, 2024, AFL submitted a FOIA request to USAID concerning the banning of the social media platform X in Brazil. As part of the FOIA, AFL requested expedited processing. Exhibit J.

28. USAID assigned the request reference number F-00922-24. Exhibit K.

29. On September 25, 2024, USAID denied AFL's request for expedited processing. Exhibit L.

30. Also on September 10, 2024, AFL submitted a FOIA request to the Department of Commerce concerning the banning of the social media platform X in Brazil. AFL sought expedited processing for this request. Exhibit M.

31. The Department of Commerce assigned the request reference number DOC-ITA-2024-000327. Exhibit N.

32. On September 18, 2024, the Department of Commerce denied AFL's request for expedited processing. *Id.*

33. As of the date of filing, AFL's requests for expedited processing have been denied by the Defendant agencies.

## CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552

34. AFL repeats paragraphs 1–33.

35. AFL properly requested records within the possession, custody, and control of the Defendants.

36. The Defendants have failed to produce the requested records within the statutory time limit.

37. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(c)(i).

38. Additionally, in each instance, AFL sufficiently showed that expedited processing was appropriate by citing numerous articles demonstrating widespread public interest in the requested information.

39. Moreover, as an entity "primarily engaged in disseminating information," AFL has sufficiently demonstrated the "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

40. Nevertheless, Defendants failed to comply with FOIA and the applicable regulations by denying AFL's expedited processing requests.

41. Accordingly, the Defendants have violated FOIA, and AFL is entitled to relief.

**RELIEF REQUESTED**

WHEREFORE, AFL respectfully requests this Court:

i. Declare that the records sought by these requests, as described herein, must be disclosed by Defendants under 5 U.S.C. § 552.

ii. Reverse the determination by the agency defendants denying expedited processing for these requests.

iii. Order Defendants to conduct immediate searches for all responsive records and require Defendants to demonstrate that the search methods utilized are those reasonably likely to lead to the discovery of responsive records;

iv. Order Defendants to produce all non-exempt records responsive to AFL's FOIA requests by a specified date to be determined by the Court;

v. Award AFL attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E); and

vi. Grant AFL such other and further relief as this court deems proper

Dated: October 9, 2024

                                        Respectfully submitted,

                                        /s/     Andrew J. Block

                                        Andrew J. Block (D.C. Bar No. 90002845)
                                        Michael Ding (D.C. Bar No. 1027252)
                                        AMERICA FIRST LEGAL FOUNDATION
                                        611 Pennsylvania Ave., S.E. #231
                                        Washington, D.C. 20003
                                        andrew.block@aflegal.org
                                        michael.ding@aflegal.org
                                        (202) 836-7958

                                        *Counsel for Plaintiff America First Legal*